**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | |
|---|---|
| **MARRIOTT HOTEL SERVICES, INC.** * | |
| * | **Adversary Proceeding** |
| **Plaintiff,** * | **Case No. 21-0043 (TJC)** |
| * | |
| vs. * | |
| * | |
| **WARDMAN HOTEL OWNER, L.L.C.,** *et al.* * | |
| * | |
| **Defendants.** * | |
| * | |

**PLAINTIFF/COUNTER-DEFENDANT MARRIOTT HOTEL SERVICES, INC.'S
ANSWER AND DEMAND FOR JURY TRIAL**

Plaintiff/Counter-Defendant Marriott Hotel Services, Inc. ("Marriott"), by and through its undersigned counsel, as and for its Answer to the counterclaim of Defendant/Counter-Plaintiff Wardman Hotel Owner, L.L.C. ("Owner") against Marriott, states as follows[1]:

**NATURE OF COUNTERCLAIM**

1. Marriott denies the allegations set forth in Paragraph 1 of the Counterclaim, except that it admits it has managed the Washington Marriott Wardman Park (the "Hotel") for more than a decade.

2. Marriott denies the allegations set forth in Paragraph 2 of the Counterclaim.

3. Marriott denies the allegations set forth in Paragraph 3 of the Counterclaim.

4. Marriott denies the allegations set forth in Paragraph 4 of the Counterclaim.

5. Marriott denies the allegations set forth in Paragraph 5 of the Counterclaim.

---

[1] Marriott previously filed its answer to Owner's counterclaim in state court. Given the proximity between Defendant Pacific Life Insurance Company's removal and the filing of Marriott's answer, Marriott is re-filing its answer out of an abundance of caution. By re-filing its answer, Marriott does not intend to waive its rights to remand or to challenge removal, and does not concede that removal was proper.

6. Marriott denies the allegations set forth in Paragraph 6 of the Counterclaim, except that it admits that Owner served a notice of default dated June 11, 2020 (the "Notice of Default").

7. Marriott denies the allegations set forth in Paragraph 7 of the Counterclaim.

## PARTIES

8. Marriott lacks sufficient information to admit or deny the allegations in Paragraph 8 of the Counterclaim, except that it admits Owner owns the Hotel located in Woodley Park, Washington D.C., presently known as the Washington Marriott Wardman Park.

9. Marriott admits the allegations set forth in Paragraph 9 of the Counterclaim, except that allegations concerning the scope of Marriott's business are incomplete.

## FACTUAL ALLEGATIONS

10. Marriott admits the allegations set forth in Paragraph 10 of the Counterclaim, except that characterizing the property as a convention hotel is incomplete.

11. Marriott denies the allegations set forth in Paragraph 11 of the Counterclaim, except that it admits that the Owner and Marriott entered into the HMA, dated as of July 1, 2005, which speaks for itself.

12. Marriott admits that Paragraph 12 of the Counterclaim contains language excerpted from Section 1.02(B) of the HMA, but respectfully refers the Court to the full contents of the HMA, and denies the allegations set forth in Paragraph 12 of the Counterclaim to the extent they are inconsistent with the HMA (which speaks for itself).

13. Marriott admits that Paragraph 13 of the Counterclaim contains language excerpted from Section 1.02(B) of the HMA, but respectfully refers the Court to the full contents

of the HMA, and denies the allegations set forth in Paragraph 13 of the Counterclaim to the extent they are inconsistent with the HMA (which speaks for itself).

14. Marriott admits that Paragraph 14 of the Counterclaim contains language excerpted from Section 1.02(A)(5) of the HMA, but respectfully refers the Court to the full contents of the HMA, and denies the allegations set forth in Paragraph 14 of the Counterclaim to the extent they are inconsistent with the HMA (which speaks for itself).

15. Marriott denies the allegations set forth in Paragraph 15 of the Counterclaim, and respectfully refers the Court to the full contents of the HMA, which speaks for itself.

16. Marriott denies the allegations set forth in Paragraph 16 of the Counterclaim, and respectfully refers the Court to the full contents of the HMA, which speaks for itself, except that Marriott admits that the HMA provides that the Owner shall "advance any additional funds necessary to maintain Working Capital at levels determined by Manager to be reasonably necessary to satisfy the needs of the Hotel as its operation may from time to time require consistent with the Annual Operating Projection or as a result of 'unforeseen circumstances'[.]". (HMA § 4.05.). Marriott respectfully refers the Court to the full contents of the HMA, which speaks for itself.

17. Marriott denies the allegations set forth in Paragraph 17 of the Counterclaim, and respectfully refers the Court to the full contents of the HMA, which speaks for itself.

18. Marriott admits that sections of the HMA cited in Paragraph 18 address remedies, but respectfully refers the Court to the full contents of the HMA, and denies the allegations set forth in Paragraph 14 of the Counterclaim to the extent they are inconsistent with the HMA (which speaks for itself).

19. Marriott admits that Paragraph 19 of the Counterclaim contains language excerpted from Section 9.01(E) of the HMA, but respectfully refers the Court to the full contents

of the HMA, and denies the allegations set forth in Paragraph 14 of the Counterclaim to the extent they are inconsistent with the HMA (which speaks for itself).

20. Marriott denies the allegations set forth in Paragraph 20 of the Counterclaim.

21. Marriott denies the allegations set forth in Paragraph 21 of the Counterclaim.

22. Marriott lacks sufficient information to admit or deny the allegations in Paragraph 22.

23. Marriott denies the allegations set forth in Paragraph 23 of the Counterclaim.

24. Marriott denies the allegations set forth in Paragraph 24 of the Counterclaim.

25. Marriott admits the allegations set forth in Paragraph 25 of the Counterclaim in part, and denies the allegations set forth in Paragraph 25 of the Counterclaim in part. Marriott admits that the Hotel's design enables it to serve and attract group business and further admits that the property historically has derived revenue from large group events. However, the Hotel also serves and attracts other forms of business and the property historically has also derived revenue from other forms of business.

26. Marriott denies the allegations set forth in Paragraph 26 of the Counterclaim.

27. Marriott denies the allegations set forth in Paragraph 27 of the Counterclaim.

28. Marriott denies the allegations set forth in Paragraph 28 of the Counterclaim.

29. Marriott admits the allegations set forth in Paragraph 29 of the Counterclaim, except that National Harbor is located in Maryland, not Washington D.C.

30. Marriott denies the allegations set forth in Paragraph 30 of the Counterclaim.

31. Marriott denies the allegations set forth in Paragraph 31 of the Counterclaim.

32. Marriott denies the allegations set forth in Paragraph 32 of the Counterclaim.

33. Marriott denies the allegations set forth in Paragraph 33 of the Counterclaim.

34. Marriott lacks sufficient information to admit or deny the allegations in Paragraph 34 of the Counterclaim.

35. Marriott denies the allegations set forth in Paragraph 35 of the Counterclaim.

36. Marriott denies the allegations set forth in Paragraph 36 of the Counterclaim.

37. Marriott denies the allegations set forth in Paragraph 37 of the Counterclaim.

38. Marriott denies the allegations set forth in Paragraph 38 of the Counterclaim.

39. Marriott denies the allegations set forth in Paragraph 39 of the Counterclaim, except that it admits that some Hotel employees are union members and subject to a collective bargaining agreement.

40. Marriott denies the allegations set forth in Paragraph 40 of the Counterclaim, except that it admits that some Hotel employees are union members and subject to a collective bargaining agreement.

41. Marriott denies the allegations set forth in Paragraph 41 of the Counterclaim.

42. Marriott denies the allegations set forth in Paragraph 42 of the Counterclaim, except that it admits that some Hotel employees are union members and subject to a collective bargaining agreement.

43. Marriott denies the allegations set forth in Paragraph 43 of the Counterclaim.

44. Marriott lacks sufficient information to admit or deny the allegations in Paragraph 44 of the Counterclaim.

45. Marriott denies the allegations set forth in Paragraph 45 of the Counterclaim.

46. Marriott denies the allegations set forth in Paragraph 46 of the Counterclaim.

47. Marriott denies the allegations set forth in Paragraph 47 of the Counterclaim.

48. Marriott denies the allegations set forth in Paragraph 48 of the Counterclaim, except that Marriott's base management fees are paid as a percentage of gross revenues.

49. Marriott denies the allegations set forth in Paragraph 49 of the Counterclaim, except that it admits that the COVID-19 pandemic has negatively impacted global travel, which harmed many travel and hospitality-related businesses that rely on travel to generate revenue.

50. Marriott admits the allegations set forth in Paragraph 50 of the Counterclaim.

51. Marriott lacks sufficient information to admit or deny the allegations in Paragraph 51 of the Counterclaim, except that it admits that Marriott served a working capital request to Owner on or about March 16, 2020.

52. Marriott denies the allegations set forth in Paragraph 52 of the Counterclaim, except that it admits that the working capital request served on or about March 16, 2020, sought $10 million in working capital.

53. Marriott denies the allegations set forth in Paragraph 53 of the Counterclaim.

54. Marriott denies the allegations set forth in Paragraph 54 of the Counterclaim, except that it admits that its working capital request was supported by several financial forecasts, each of which speaks for itself.

55. Marriott denies the allegations set forth in Paragraph 55 of the Counterclaim, and respectfully refers the Court to the full contents of the referenced document, which speaks for itself.

56. Marriott denies the allegations set forth in Paragraph 56 of the Counterclaim, except to the extent that the cash flow forecast accompanying the March 16 request had not in recent years been part of Marriott's routine reporting.

57. Marriott denies the allegations set forth in Paragraph 57 of the Counterclaim, except that it admits that it prepared multiple cash flow forecasts for the Hotel, including at Owner's request.

58. Marriott lacks sufficient information to admit or deny the allegations in Paragraph 58 of the Counterclaim, except that it admits a cash flow forecast was prepared in March 2020 that showed a working capital deficit of $6.3 million.

59. Marriott denies the allegations set forth in Paragraph 59 of the Counterclaim, except that it admits that it did not revise its request for $10 million in working capital.

60. Marriott lacks sufficient information to admit or deny the allegations in Paragraph of the Counterclaim, except that it admits that a cash flow forecast was prepared in March 2020 that showed a working capital deficit of $5.26 million.

61. Marriott admits the allegations set forth in Paragraph 61 of the Counterclaim.

62. Marriott denies the allegations set forth in Paragraph 62 of the Counterclaim, except that it admits that the Owner refused to fund the working capital requested by Marriott.

63. Marriott denies the allegations set forth in Paragraph 63 of the Counterclaim.

64. Marriott denies the allegations set forth in Paragraph 64 of the Counterclaim.

65. Marriott denies the allegations set forth in Paragraph 65 of the Counterclaim.

66. Marriott denies the allegations set forth in Paragraph 66 of the Counterclaim.

67. Marriott denies the allegations set forth in Paragraph 67 of the Counterclaim.

68. Marriott denies the allegations set forth in Paragraph 68 of the Counterclaim, except that it admits that the parties agreed to temporarily close and the Hotel, and admits that the Owner and Marriott agreed to use $5 million from the FF&E account to fund working capital, subject to certain requirements set out in a written agreement, which speaks for itself.

69. Marriott denies the allegations set forth in Paragraph 69 of the Counterclaim, except that it admits that the Hotel was closed temporarily on March 25, 2020.

70. Marriott denies the allegations set forth in Paragraph 70 of the Counterclaim.

71. Marriott denies the allegations set forth in Paragraph 71 of the Counterclaim.

72. Marriott denies the allegations set forth in Paragraph 72 of the Counterclaim.

73. Marriott admits the allegations set forth in Paragraph 73 of the Counterclaim in part and denies the allegations set forth in Paragraph 73 of the Counterclaim in part. Marriott admits that it issued requests for working capital in the specified amounts and at or around the specified times, but denies that all of the requests for working capital were "additional" requests, as many were part of rather than in addition to Marriott's initial request for $10 million of working capital.

74. Marriott denies the allegations set forth in Paragraph 74 of the Counterclaim, except that it admits that Owner rejected all of the working capital requests described in Paragraph 73.

75. Marriott denies the allegations set forth in Paragraph 75 of the Counterclaim.

76. Marriott denies the allegations set forth in Paragraph 76 of the Counterclaim.

77. Marriott admits the allegations set forth in Paragraph 77 of the Counterclaim.

78. Marriott denies the allegations set forth in Paragraph 78 of the Counterclaim.

79. Marriott admits the allegation set forth in Paragraph 79 of the Counterclaim that Owner served Marriott with a document purporting to be a Notice of Default.

80. Marriott denies the allegations set forth in Paragraph 80 of the Counterclaim.

81. Marriott denies the allegations set forth in Paragraph 81 of the Counterclaim.

82. Marriott denies the allegations set forth in Paragraph 82 of the Counterclaim.

83. Marriott denies the allegations set forth in Paragraph 83 of the Counterclaim, except that it admits that Marriott has denied that it is in default.

## COUNT I
### (Breach of Contract)

84. Marriott repeats its responses to paragraphs 1 through 83 of the Counterclaim as if fully set forth herein.

85. Marriott admits the allegations set forth in Paragraph 85 of the Counterclaim, as of the date the Counterclaim was filed.

86. Marriott denies the allegations set forth in Paragraph 86 of the Counterclaim.

87. Marriott denies the allegations set forth in Paragraph 87 of the Counterclaim.

88. Marriott denies the allegations set forth in Paragraph 88 of the Counterclaim.

89. Marriott denies the allegations set forth in Paragraph 89 of the Counterclaim.

## COUNT II
### (Breach of Covenant of Good Faith and Fair Dealing)

90. Marriott repeats its responses to paragraphs 1 through 89 of the Counterclaim as if fully set forth herein.

91. Marriott admits the allegations set forth in Paragraph 91 of the Counterclaim, as of the date the Counterclaim was filed.

92. Marriott denies the allegations set forth in Paragraph 92 of the Counterclaim.

93. Marriott denies the allegations set forth in Paragraph 93 of the Counterclaim.

94. Marriott denies the allegations set forth in Paragraph 94 of the Counterclaim.

95. Marriott denies the allegations set forth in Paragraph 95 of the Counterclaim.

## COUNT III

**(Breach of Fiduciary Duty)**

96. Marriott repeats its responses to paragraphs 1 through 95 of the Counterclaim as if fully set forth herein.

97. Marriott denies the allegations set forth in Paragraph 97 of the Counterclaim, except that it admits that Marriott managed the Hotel pursuant to the HMA.

98. Marriott denies the allegations set forth in Paragraph 98 of the Counterclaim, except that it admits that Marriott managed the Hotel pursuant to the HMA.

99. Marriott denies the allegations set forth in Paragraph 99 of the Counterclaim.

100. Marriott denies the allegations set forth in Paragraph 100 of the Counterclaim.

101. Marriott denies the allegations set forth in Paragraph 101 of the Counterclaim.

## COUNT IV
**(Claim for Attorneys' Fees and Costs Pursuant to Maryland Rule 2-705)**

102. Marriott repeats its responses to paragraphs 1 through 101 of the Counterclaim as if fully set forth herein.

103. Paragraph 103 of the Counterclaim contains legal conclusions to which no response is required. To the extent Paragraph 103 contains any factual allegations, Marriott denies those allegations.

104. Marriott denies the allegations set forth in Paragraph 104 of the Counterclaim, and respectfully refers the Court to the full contents of the HMA, which speaks for itself.

105. Paragraph 105 of the Counterclaim contains legal conclusions to which no response is required. To the extent Paragraph 105 contains any factual allegations, Marriott denies those allegations.

106. Marriott denies the allegations set forth in Paragraph 106 of the Counterclaim.

## MARRIOTT'S AFFIRMATIVE DEFENSES

10

**First Affirmative Defense: Failure To State A Claim**

Owner's Counterclaim fails to state a claim upon which relief can be granted.

**Second Affirmative Defense: Not Entitled To Relief**

Owner is not entitled to recover any relief, nor is it injured as claimed.

**Third Affirmative Defense: Damages Caused By Own Acts**

Owner's damages, if any, were directly and proximately caused, in whole or in part, by the negligence, carelessness, recklessness, lack of due care, breach of contract and/or other conduct of Owner and/or its agents, employees, servants and contractors. Accordingly, Owner is barred from recovering against Marriott for any such damages.

**Fourth Affirmative Defense: Failure to Act Caused by Others**

Owner cannot recover against Marriott in that the alleged acts or failures to act on the part of Marriott were excused by acts and/or omissions of Owner and/or acts, omissions and other circumstances being beyond Marriott's control.

**Fifth Affirmative Defense: Damages Too Speculative**

Owner is not entitled to recovery because the damages alleged are too speculative.

**Sixth Affirmative Defense: Failure To Mitigate**

Owner's claims and/or damages are barred due to its failure to mitigate damages.

**Seventh Affirmative Defense: Prior Breach**

Owner's claims are barred, in whole or in part, by Owner's own prior, material breach of any contract or agreement Owner alleges Marriott breached and/or by Owner's prior tortious conduct.

**Eighth Affirmative Defense: Unjust Enrichment**

Owner will be unjustly enriched if it is permitted to recover any sums from Marriott.

**Ninth Affirmative Defense: Set Off and Recoupment**

Owner's claims are barred in whole or in part by the doctrine of set off and/or recoupment.

**Tenth Affirmative Defense: Laches**

Owner's claims are barred by the doctrine of laches.

**Eleventh Affirmative Defense: Estoppel**

Owner's claims are barred by the doctrine of estoppel.

**Twelfth Affirmative Defense: Waiver**

Owner's claims are barred by waiver.

**Thirteenth Affirmative Defense: Inequitable Conduct**

Owner's claims are barred, in whole or in part, by the doctrine of unclean hands, inequitable conduct and/or bad faith.

**Fourteenth Affirmative Defense: Assumption Of Risk**

Owner's claims are barred by the doctrine of assumption of the risk.

**Fifteenth Affirmative Defense: Statute Of Limitations**

Owner's claims are barred by the statute of limitations.

## RESERVATION OF RIGHTS

Marriott reserves the right to add, amend, or supplement any defense.

## NON-CONSENT TO FINAL ORDERS

Pursuant to Federal Rule of Bankruptcy Procedure 7012(b), Marriott does not consent to entry of final orders or judgment by the Bankruptcy Court and reserves its right to file motions seeking mandatory or permissive abstention, as well as remand to the Maryland Circuit Court for Montgomery County.

Dated: February 24, 2021                              Respectfully submitted,

By: /s/ Colleen Coffman Correal

Colleen Coffman Correal
Ethridge, Quinn, Kemp, Rowan & Hartinger
33 Wood Ln.
Rockville, MD 20850
Telephone: 301-762-1696
ccc@eqlawyers.com

Lindsay Harrison
Jenner & Block LLP
1099 New York Ave. NW, Suite 900
Washington, DC 20001
Tel. 202-639-6000
Fax: 202-639-6066
lharrison@jenner.com

Paul Rietema (*pro hac* forthcoming)
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
Tel: 312-222-9350
prietema@jenner.com

Alex S. Trepp (*pro hac* forthcoming)
Jenner & Block LLP
1099 New York Ave. NW, Suite 900
Washington, DC 20001
Tel: 202-639-6000
Fax: 303-639-6066
atrepp@jenner.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 24th Day of February 2021, a copy of the foregoing was emailed and mailed first class to:

J. Stephen McAuliffe III
Rosalyn Tang
Miles & Stockbridge P.C.
11 North Washington Street, Suite 700
Rockville, Maryland 20850
Telephone: (301) 762-1600
smcauliffe@milesstockbridge.com
rtang@milesstockbridge.com


Todd E. Soloway
Bryan T. Mohler
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Tel 212-421-4100
Fax 212-798-6907
tsoloway@pryorcashman.com
bmohler@pryorcashman.com


Grant T. Stein
David A. Wender
Brian D. Frey
ALSTON & BIRD LLP
1201 West Peachtree Street
One Atlantic Center
Atlanta, Georgia 30309-3424
Tel 404-881-7354
Fax 404-253-8563
Grant.stein@alston.com
david.wender@alston.com


/s/ Colleen Coffman Correal
Colleen Coffman Correal